EATSERN DIST.
*March,* 1835.

## TERRELL ET AL *vs.* BABCOCK, GARDINER & CO. ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, THE JUDGE OF THE CRIMINAL COURT [GRIMA] PRESIDING *ad interim.*

In an action on a promissory note, which is claimed by an intervening party, and when there is a defence or off-set set up, so that the demand and matter in contestation is not liquidated, the court cannot, on a rule to show cause, require the defendant to pay the amount of the note sued on, into court.

When the creditor and debtor are at issue on the amount of a demand, or the validity of a claim, either party is entitled to a trial by jury, or without one if they choose; and no other creditor has a right to interfere and require the sum in contest, to be paid into court, before final judgment.

This action was commenced to recover possession and obtain judgment on a promissory note of twelve thousand dollars, executed by the defendants Babcock, Gardiner & Co., payable to the order of P. S. Newton & Co., and by them endorsed and deposited in the Canal Bank until maturity, for collection. The note was payable at a future day, with six per cent. interest. The plaintiff had the note sequestered by the sheriff, before it became due. He prays for judgment "against Babcock, Gardiner & Co., and the endorsers, and that they pay said note to him," (the plaintiff.) Taylor intervened, and claimed to be the true and legal owner of the note, and entitled to recover its amount.

The suit was filed the 30th June, 1832, and the note was not due until July following. The defendants (Babcock, Gardiner & Co.) excepted to the suit as premature. While the case stood on this exception, and before any further proceedings were had, Taylor, the intervenor, took a rule on the defendants, to show cause why they should not pay the whole amount of the note into court. They showed for cause, that they were sued on their note or obligation, which

EASTERN DIST.
March, 1835.

TERRELL ET AL
vs.
BABCOCK,
GARDINER & CO.
ET AL.
suit was not yet tried, and that they had the right to a trial on the merits; that they had a valid defence, and a large claim, between four and five thousand dollars of actual payments or advances made to the plaintiff and intervenor, which would go to extinguish a large portion of the claim; and finally, that they could not be required to pay a debt demanded in a regular suit, by a rule of court. The rule was made absolute. From this order the defendants Babcock, Gardiner & Co. appealed

*Curry*, for the appellants, submitted the case, *exparte*, on the following points:

1. The defendants and appellants cannot be required to pay the amount of their note sued on, when they have a valid defence to the merits, until the parties are heard, the case tried and a regular judgment obtained.

2. The defendants showed, in answer to the rule, that they had a valid defence to make, and payments to plead; and they should have been heard on the merits, before any order was made, or judgment rendered in the cause.

3. The circumstance of the note in suit, or its proceeds being in dispute between two adverse claimants, could deprive the defendants of their right to a fair trial, and cut off all defence to the action.

4. The rule having been improvidently taken, the judge acting in the District court, erred in making it absolute. This being the case, the order must be set aside, the rule discharged, and judgment entered against the plaintiff and intervenor for costs in both courts.

*Martin, J.*, delivered the opinion of the court.

Terrell, the original plaintiff in this case, claimed to be the legal owner, and entitled to recover the amount of a promissory note executed by Babcock, Gardiner & Co., payable to the order of P. S. Newton & Co., and by the latter endorsed, for the sum of twelve thousand dollars. The note was made payable at a future day, with interest at six per cent. per annum, until paid. It was deposited in the

Canal Bank, for safe keeping and for collection. The plaintiff had it sequestered by the sheriff, and held subject to the final decision of his suit.

EASTERN DIST.
*March*, 1835.

TERRELL ET AL.
*vs.*
BABCOCK,
GARDINER & CO.
ET AL.

The defendants, Babcock, Gardiner & Co., pleaded an exception, that the suit was premature, being instituted before the maturity of the note.

Before this exception was acted on, or any further proceedings were had in the case, Taylor intervened. He took a rule on Babcock, Gardiner & Co., to show cause why they should not pay the amount of their note into court, to abide its ultimate decision. The defendants showed for cause, the pendency of Terrell's suit against them; that they had a good defence against this action on the merits, and a demand in compensation, which would extinguish a considerable portion of the original debt; and they further averred, they could not be proceeded against in this summary way, but were entitled to a trial on the merits, before any recovery could be had.

The rule was made absolute, and from the decision of the judge thereon, the defendants appealed.

The case is placed before this court on the merits. The dismissal of the appeal was not asked for, nor any motion made to effect this object, on the ground that an *order to compel a party to pay money into court*, does not work the *gravamen irreparabile*, which only authorises an appeal from an interlocutory decree.

On the merits, this court is of opinion, that in a case like this, when the demand and matter in contestation is not liquidated, it does not authorise the court to make an order requiring the defendant to bring the money into court. In a suit when the creditor and debtor are at issue on the amount of a demand, or the validity of a claim, either party is entitled to, and has the right to demand a trial in the ordinary way, and even to a trial by jury, if he requires it. No other creditor has a right to interfere when two parties are litigating a claim and matter in contestation between them, so as to compel a settlement in a summary way, and bring the money into court. The effect of the rule made absolute, as in this

*In an action on a promissory note, which is claimed by an intervening party, and when there is a defence or offset set up, so that the demand and matter in contestation is not liquidated, the court cannot, on a rule to show cause, require the defendant to pay the amount of the note sued on into court.*

*When the creditor and debtor are at issue on the amount of a demand or the validity of a claim, either party is entitled to a trial by jury, or without one if they choose; and no other creditor has a right to interfere, and require the sum in contest to be paid into court, before final judgment.*

4

case, would deprive the debtor of his right to a trial by jury, and cut off all his defence to the action. He should be heard, and judgment pronounced before payment is required.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, making the rule absolute, be annulled, avoided and reversed; and it is further ordered, that the rule be discharged with costs in both courts.