No. 10,063.

THOMAS F. MAHER VS. LOUISVILLE, NEW ORLEANS AND TEXAS RAIL-
WAY COMPANY.

While courts may allow even liberal compensatory damages against railway companies, in
  cases of gross fault and negligence on their part, resulting in severe injuries to the
  passengers whom they have, for due consideration, undertaken to carry safely, those
  corporations surely are entitled to protection against exaggerated and apparently stale
  claims, where the injury received or damages suffered is slight or nominal. In such
  instances the allowance made ought to be merely just and reasonable.

APPEAL from the Civil District Court for the Parish of Orleans.
  Voorhies, J.

W. S. Benedict for Plaintiff and Appellee.

Farrar & Kruttschnitt for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is a suit in damages for injuries sustained
by a railway accident on June 7, 1885.

The allegations are that while the plaintiff, who was a passenger on
the train from Baton Rouge to New Orleans, and had paid the fare,
was seated in one of the coaches, the engine jumped the track, was
overturned and thrown into a canal or ditch, some eighteen miles
above New Orleans; that the result of this accident was such as to
cause severe injuries to his body, forcing him to obtain medical assist-
ance, to be confined to his bed for five days, to suffer great bodily pain
and otherwise cause him severe injury; that he suffered from contu-
sions, which he continues to resent, to his spinal column, recurring at
periodical times, with great pain, forcing him to cease from his work;
that he was, at that date, occupying a position at a salary of $1200
per annum; that before he could report for duty he had to use appli-
ances, and that he did so for thirty days; that the accident occurred
by the gross fault and negligence of the Railway Company, etc.

He therefore prays for $5000 damages.

The defense is a general denial and averment of non-liability.

From a judgment of $750 the defendant appeals.

The accident is established and negligence, some way or other, is
the evident cause of it.   There is no dispute on this subject, but other
material facts were not shown.

We have considered the testimony adduced and remain satisfied that
it proves that the plaintiff was injured, suffered and is entitled to in-
demnity.   He, however, declares himself satisfied with the finding of

the lower Court, which he terms to be *meet* and *proper*, but the question is, whether it is such.

It is singular that the accident having occurred on June 7, 1885, the present suit was brought only on June 3, 1886, towards the end of the year following, which, had it gone by without any suit by plaintiff, would have silenced him forever.

It appears that other persons were injured by the accident; that to such as claimed just indemnity the company made satisfactory allowances ; that although the plaintiff was in frequent contact with the officers of the company, since the occurrence, asking complimentary passes, which were issued to him as connected with a city paper, he never uttered a claim against the company until towards the end of the year following the occurrence.

There is evidence that a complaint was made at the time by plaintiff of an abrasion of the leg ; that he threw up some blood ; that he must have suffered some, but it is shown that far from needing medical aid, he declined such as was offered him on the relief train, and it is not proved that he called in any physician afterwards to assist him. There was no bone broken, smashed or disjointed, and the only remedy used was a liniment. There was otherwise no expense incurred.

The evidence is not positive that the witness was kept five days from his work. The Recorder, in whose court he occupied a position as stenographer, says that he remained absent only one day.

Persons in the habit of seeing him frequently, if not daily, have no recollection of any suspension of his work.

Nothing shows that the contusion or any other injury received has left any mark on the plaintiff which has since the accident in any manner injured his efficiency, habits or temper.

It is shown that he did not lose his position and was paid in full for the month of June, when the accident occurred.

Room is left from inference from the fact that the plaintiff declares himself satisfied with the recovery of $750 on his claim for $5000, and has never prayed for any increase.

While courts allow even liberal compensatory damages against railroad companies in cases of gross negligence on their part, resulting in sever injuries to passengers whom they have undertaken safely to carry for due consideration paid, those corporations surely are entitled to protection against exaggerated claims when the injury received is slight, or nominal.

We think, however, that plaintiff is entitled to some adequate relief.

It is therefore ordered and decreed that the judgment appealed from be amended by reducing the allowance from seven hundred and fifty dollars to three hundred dollars, and that so amended, it be affirmed, the costs of appeal to be paid by plaintiff and those of the lower court by defendant.