## No. 249.

H. M. Rutherford vs. Shreveport and Houston Railroad Company.

It is negligence on the part of a railroad company, incurring liability for damages, to have an accident caused by the existence of rotten crossties on its roadbed, by reason of which a train is derailed and upset, causing personal injuries to passengers.

The measure of such damages is the injuries received, the suffering experienced, and the consequent losses sustained, by the injured passenger.

In Louisiana, the doctrine of exemplary or punitory damages, as applicable to common carriers, is not yet definitely sanctioned.

APPEAL from the First District Court, Parish of Caddo.
 Taylor, J.

*J. H. Shepherd* for Plaintiff and Appellee.

*Wise & Herndon* for Defendant and Appellant:

1. When a passenger on a railroad train is only slightly injured, the damages allowed should be merely just and reasonable. 40 Ann. 64.

2. A passengeer in a railway car, who has been injured by upsetting of the car, caused by negligence of the employes of the company, is not entitled in an action against the company to recover damages beyond the limit of compensation for the injury actually sustained.

3. Punitory or exemplary damages should not be awarded for such injury, unless it is the result of the wilfull misconduct of the employes of the company, or of that reckless indifference to the rights of others, which is equivalent to a wilful violation of them. 11 Ann. 292; 91 U. S. 492; 21 How. 202; Pittsburgh, etc., R. Co. vs. Lyon, 19 Pittsburgh Leg. Jour. 286.

4. The officers and agents of defendant company, in charge of the construction and repair of the roadbed, discharged their duties faithfully, and the fact that rotten ties were found in the roadbed, and caused the accident from which the plaintiff sustained injuries, does not justify the conclusion that the negligence of such agents was wanton and conceived in a spirit of mischief. 2 Vol. Woods Ry. Law, p. 1243. Note.

The opinion of the Court was delivered by

Poché, J.  Plaintiff seeks to recover damages in the sum of $10,000, for injuries received by him in an accident while he was a passenger on one of the defendant company's trains.

The case was tried without a jury, and the defendant appeals from a judgment which allows to plaintiff $200 as damages for personal injuries, and $500 as exemplary or punitory damages.  By way of answer to the appeal, plaintiff prays for judgment in the full amount of his demand.

The evidence shows to our entire satisfaction that the accident, which was caused by the derailing of the locomotive of a passenger train, and

an upsetting of the passenger coaches, was the result of the defective condition of the road at the point where the accident occurred, owing to rotten crossties, which gave way under the weight of the locomotive, resulting in the injuries which plaintiff received on the occasion.

That was negligence on the part of the company, by reason of which it must be held liable in damages for the injuries received, the sufferings experienced, and the loses sustained in consequence thereof, by plaintiff.

It appears that his injuries were not grievous, his sufferings not intense, and the consequent loss of time and of business, slight and not of long duration. Hence we are in perfect accord with our learned brother of the district court, who held that the sum of $200 was an adequate and sufficient compensation on that score. Maher vs. R. R. Co., 40 Ann. 64.

But the district court held that the circumstances of this case, which exhibit, on the part of the company, gross negligence coupled with wilful misconduct to such an extent as to raise a presumption of conscious indifference to consequences, justify the infliction of exemplary or punitory damages, for which he allowed $500.

The question of the applicability of the doctrine of exemplary damages, partaking of the nature of punishment, to our system of laws, has been the subject of many conflicting opinions in our own jurisprudence.

And while the doctrine, as applied to acts of wilful and malicious torts, on the part of natural persons is universally recognized in common law jurisprudence, it has not received unanimous sanction in courts of that system in its application to suits in damages against corporations, and particularly as to railroad companies and other common carriers.

The question is discussed at length and with ability by the district judge in this case, and it presents a subject of attractive study. Our own jurisprudence is not yet definitely settled on the question, and it is, perhaps, desirable that it should be, but under our appreciation of the present case, we conclude that the occasion has not yet arisen.

Conceding, *arguendo*, that in Louisiana, a railroad company may be mulcted in exemplary or punitory damages, for acts of gross negligence evincing wanton, wilful or malicious misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences, we fail to find such a state of facts in the record of this case. Black vs. R. R. Co., 10 Ann. 33; Varillet vs. R. R. Co., 10 Ann. 88; Hill vs. R. R. Co., 11 Ann. 292; Milwaukee R. R. Co. vs. Arms, 91 U. S. 484; Rover on Railroad Laws, vol. 2, pp. 869, 870, 871.

From the preponderance of the evidence in the case it appears that the defendant's road was not in good condition at the time that the accident happened; that while the roadbed was in good repair, many of the crossties were decaying and rotten, and that the accident was attributable solely to the latter fact. Hence flows, as above stated, the liability of the company for actual injuries and consequent losses sustained by the party injured. In fact, we understand this to be conceded by its counsel.

But beyond this, the record shows that the road had not been operated for more than four years, and that average crossties usually last six years. It is in proof that the company was actively engaged in repairing its road, in replacing old and damaged ties by new ones; that it had skillful laborers, known as "section bosses," actually employed at such work, which was in progress as rapidly as circumstances would allow or permit.

To have not begun the work earlier, and to have not sufficiently accelerated its operation was negligence; but we find no element of wilful or wanton disregard in such negligence, of the company's obligations and duty towards its passengers, and much less can we discover any element of wanton or malicious and conscious indifference to consequences.

Hence on that point we are constrained to differ with the district court, and we hold that conceding the law to be as plaintiff contends, the facts of this case do not justify its application by way of vindictive damages.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount of the allowance of damages from seven, to two hundred dollars, and that as thus amended said judgment be affirmed at plaintiff's costs on appeal.