The opinion of the court'was dlivered by
Watkins, J.
Plaintiff and appellee moves to dismiss the appeal, on the ground that at the time of the filing of the transcript of appeal, *1200 there was no such corporation in existence as the Canal & Claiborne Railroad Company — said company having abandoned its corporate franchise and charter whereby the corporation became dissolved.
The said corporation having so abandoned its corporate franchise and charter, it ceased to be a going concern at the time of the filing of the transcript of appeal in this court; and that, therefore, there is no appellant prosecuting an appeal in this court, and this court is not vested with jurisdiction to hear and determine the appeal for want of a party appellant.
The record discloses that the cause was submitted to and decided by the judge of the lower .court, on the 25th of May, 1899; and that for the reasons orally assigned, it was decreed that there be judgment in favor of the plaintiff, John Nash, and against the defendant, the Canal & Claiborne Railroad Company, for the sum of two hundred dolllars.
It discloses, further, that the attorneys for the defendant, applied for a new trial, and upon its submission to the judge a quo, on June 16th, 1899, he reduced the judgment in favor of the plaintiff to the sum of one hundred dollars, and refused the application — this judgment having been signed on June 22, 1899.
It further shows that counsel for the defendant filed a motion for a suspensive appeal, on the same day the judgment was signed, and an order of appeal was granted, conditioned upon the defendant furnishing a bond as the law requires. That on the 3rd of July, 1899, the defendant gave an appeal bond in the sum of $350.00, and that same was signed and filed by the clerk of the district court.
From the foregoing proceedings L appears, that the plaintiff made no complaint of the judgment; did not appeal therefrom; and has not answered the appeal and claimed any increase in the amount of same.
The defendant and appellant filed in this court an answer to the •plaintiff’s motion to dismiss, and thereto annexed a certified copy of a notarial act of sale from the Canal & Claiborne Railroad Company to the New Orleans & Carrollton Railroad Company, of date April 1, 1899, which includes a large part of its franchises, property and avails.
Counsel for appellant submits, that on this state of the record appellee’s motion to dismiss can not be entertained — pointing out the paragraph in the act of sale, whereby the purchasing corporation *1201 specifically assumes 'the payment “of any and all final judgments which may be hereafter rendered in suits for damages and personal injuries, now pending in the courts of Louisiana, against the said Canal & Claiborne Railroad Company,” etc.
The conclusion is clear, and in our opinion undoubted, that the reasons assigned for the dismissal of the appeal are not good and can not be entertained, because the assignment by the Canal & Claiborne Railroad Company to the New Orleans & Carrollton Railroad Company, was made on the 1st of April, 1899, long prior to the trial of the cause in the District Court, and at a time when that information was perfectly accessible to the plaintiff and appellee. He is, therefore, conclusively presumed to have been satisfied with that situation of affairs when this case was tried and decided in his favor.
Notion to dismiss appeal denied.