No. 13,502.

RICHARD THOMPSON VS. W. C. DOTTERER, RECEIVER OF THE NEW ORLEANS AND WESTERN RAILROAD COMPANY.

. SYLLABUS.

A receiver of a railway company which furnishes cars to another company, under a traffic arrangement, whereby the latter company is to operate them, is not liable for damages resulting from such operation over the tracks of the latter company.

APPEAL form the Civil District Court, Parish of Orleans—
Theard, J.

*Benjamin Rice Forman* for Plaintiff, Appellee.

*Farrar, Jonas & Krutlschnitt* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J.   Plaintiff was holding, by their heads, a pair of horses, which were standing on Basin street, in New Orleans, upon August 4th, 1899, when a steam engine, with cars attached, coming along Bienville street, turned the corner into Basin, and so frightened the horses, that the plaintiff, in the effort to control them, was seriously injured.   He brings this suit for the recovery of $2500, as the damages sustained, against William C. Dotterer, receiver of the New Orleans and Western Railway Company, alleging that the train which caused said damages was unlawfully and negligently operated by said receiver. The answer is a general denial.   There was a verdict and judgment for the plaintiff, in the sum of $250, from which the defendant has appealed, and, to the appeal, the plaintiff has answered, praying an increase in the judgment.

The theory upon which the suit was brought and upon which it has been argued on behalf of the plaintiff, is, that the horses, which the plaintiff was holding, were standing upon Basin street, at a point about forty feet from the corner of Bienville, and with their heads in the direction of the latter street, when the engine and cars came sharply around the corner from Bienville street, and were suddenly brought into such close proximity to the horses that the discharged steam went under them, and with the ringing of the bell, and other noises, frightened the horses, with the result as stated.   A careful consideration of the testimony of the two witnesses who undertook to establish these facts leaves us in considerable doubt concerning them.   The plaintiff, himself, swears that he was standing with the horses, at the corner of Basin and Canal streets, which is two squares distant from Basin and Bienville, and we find nothing in his testimony which is irreconcilable with that statement.   Upon the other hand, a witness named Hardy places the horses, of which he was the owner, and the plaintiff, where they are placed by the petition, so that there is a conflict upon that important point between the two witnesses who, alone, testify concern-

ing it. We need not, however, be detained by the consideration of that question. It is shown by affirmative and uncontradicted evidence that William C. Dotterer, receiver of the New Orleans and Western Railway Company, was not operating the train which is said to have caused the accident, but that said train was operated by the New Orleans, Spanish Fort and Lake Railroad Company, and that the tracks near which the accident occurred and over which said train was being operated at that time, were tracks claimed by and in the use of said New Orleans, Spanish Fort and Lake Railroad Company. Whether that company was properly making use of the corporate and other franchises, is a question which does not properly come up in this case. As a matter of fact, it was acting as a corporation, and, in that capacity, had made a traffic arrangement whereby it was operating cars, furnished by the New Orleans and Western Railway Company, over tracks of which it, the Spanish Fort Company, claimed to be in possession as owner, and over which, it is alleged in the petition, the New Orleans and Western Railway Company had no right to operate cars. Under these circumstances, we are of opinion that the verdict and judgment appealed from should be set aside and reversed, and that there should be judgment in favor of the defendant, rejecting the demand of the plaintiff, with costs in both courts. And it is so ordered.

Rehearing refused.