(43 South. 1003.)

No. 16,400.

OXENDINE v. LOUISIANA RY. & NAVIGATION CO.

(April 15, 1907.   Rehearing Denied May 27, 1907.)

CARRIERS—INJURIES TO PASSENGERS.
  Involves only facts.
  (Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

Action by E. J. Oxendine against the Louisiana Railway & Navigation Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Robert Wade Ogelsby and Wise, Randolph & Rendall, for appellant. John Henry Mathews, for appellee.

PROVOSTY, J.  Plaintiff was a passenger in the caboose of one of the freight trains of the defendant company. At a way station, the caboose and some of the cars were left standing on the track, while the front part of the train went ahead to do some switching. It was night. Plaintiff and a fellow passenger were alone in the caboose. They were sitting on the bench which is along the side of the caboose, three or four feet apart. Plaintiff says that he was leaning against the window, his elbow upon the sill, and his head resting upon his hand. The other passenger says plaintiff had his head out of the window. Suddenly there came a violent jar from the impact of the front or moving part of the train in attempting to couple with the rear or stationary part, and

the cars were loosened from their brakes and set in motion. A while afterwards, when the conductor came into the caboose, he found plaintiff unconscious on the floor. The other passenger had not been seriously affected by the jar. On perceiving that the caboose had been put in motion, and that it was not being checked, he had risen from his seat, and, without knowing that anything had happened to plaintiff, had gone to reset the brakes.

Plaintiff's injury was but slight—a cut across the eyebrow, where his head came in contact with the sharp edge of the window jamb, and some slight bruises. He brings this suit in damages, charging that the train was run against the stationary cars with too great violence, and that this constituted negligence on the part of the defendant company. Defendant pleads the general denial and contributory negligence. The trial was without a jury and resulted in a judgment in favor of plaintiff for $100, and the appeal is by defendant.

Plaintiff was the only witness on his side. Against him were the other passenger and the conductor, both of whom testified that the shock was not unusually severe; the former adding that plaintiff had his head out of the window. As a matter of fact, plaintiff's hat fell out of the window. The law of such a case as this is very plain, and was recently stated by this court in the practically similar case of Shamblin v. N. O. & N. W. R. Co., 114 La. 467, 38 South. 421. In the absence of the reasons for judgment of our learned Brother, we will not assume that he misapplied that law, but that he believed the statement of plaintiff that the shock was unnecessarily and negligently violent, and that he did not have his head out of the window, but was only leaning against the window sill in the manner above stated.

The fact that plaintiff's hat fell out of the window is by no means a sure indication

that his head was out of the window, since the same result might have come about by striking against the jamb of the window. On the other hand, the fact that the brakes of the caboose and of the stationary cars were jerked loose would go to show that the impact must have been unusually violent. The passenger is shown by the cross-examination to be in close business relations with the railroad and its president. Hence his testimony is not entitled to the same weight as that of a totally disinterested witness.

Upon the whole, while perhaps we should have been better satisfied with the judgment if it had been in favor of defendant, we have concluded that the safer plan is to affirm it, as the trial judge, who saw and heard the witnesses and was probably acquainted with them, had a better opportunity than we of judging of their credibility.

Judgment affirmed.