BREAUX, C. J.
Plaintiff, alleging personal injury suffered, sued the defendant town for $5,500.
She resides at some distance from the town of Minden.
On the 23d day of April, 1908, she avers she was on a visit to a relative. About half past 7 o’clock in the evening, she drove in a buggy, drawn by a gentle horse. She was accompanied by her sister, Mrs. Dickerson, and her little son, three years of age.
Suddenly the horse fell into a pit, three feet wide by about six feet in depth, extending halfway over the street, carrying the •buggy and throwing them violently to the ground, causing severe injury, they allege.
Plaintiff’s plea is that this pit was dug during the day preceding the evening of the accident; that she and her sister knew nothing of it; that the pit was left open with no barriers to prevent her from driving into it; that there was no red light or the least signal; that the streets were in a state of darkness at the place of the fall — all owing to defendant’s negligence, it is charged.
The following is the extent of the injury alleged:
Plaintiff was thrown over the dashboard on her face, struck the shaft and front wheel of the buggy and the pavement, injuring her face, shoulder, and other parts of her body. She was shocked and her nervous system impaired and her health injured. The child was bruised and cut and injured in several places. All of which she charges was due to defendant’s gross negligence.
Defendant pleaded the exception of no cause of action in plaintiff.
Subsequently, the defendant, answering, avers that it is not liable, and that, if any one was hurt, it was due to plaintiff’s want of care and lack of prudence.
The foregoing is the case, and, in its main features, it is sustained by the testimony.
The accident was not nearly as serious as *406 plaintiff imagined it was. They were greatly frightened, and for a moment they were exceedingly apprehensive, as is usual on these occasions.
It might have been very serious, but that is not to be considered in considering the facts of a case of personal injury.
The plaintiff left her home, about 25 miles away, for Minden. She traveled by cars and returned the next evening.
She and her little boy, a lad of about five years, did not bear marks of any injury except, as the father testified, that the lad had a cut on his head and a bruise on his chin.
The pharmacist to whose drug store they (plaintiff and her sister) walked after the accident, and to which the little boy was taken, said (and it is well known that pharmacists are pretty good observers) that he attached so little importance to it that he had almost entirely forgotten the incident.
After conversing with his wife and some friends about the accident, he recalled that shortly before the accident he heard, hallooing of persons evidently frightened. The little boy was brought into his drug store. He wiped his forehead, on which there was some blood. I-Ie did not think he was hurt.
The district court allowed damages in the sum of $150 and legal interest — $100 to plaintiff to form part of her paraphernal property, and $50 in payment of .the injury suffered by the little boy.
The defendant appealed.
Plaintiff joined in the appeal and asked for an increase of damages.
The evidence does not justify large damages.
Plaintiffs were not negligent. They exercised a right which cannot be denied. They were riding in a buggy driving an ordinarily gentle horse in the early evening.
It was sought to prove that the horse was not entirely safe because he had lost an eye.
Prom the testimony, the inference is that in his Cyclopean condition he was ordinarily safe. Others had driven the animal, and they did not, as witnesses, testify that he was not reliable.
I-Ie was driven at a slow trot.
Now as to the town: The facts are that the authorities had not been sufficiently careful. The pit was not sufficiently protected. The town light in the neighborhood of the accident was sometimes dim. The concern of the local authorities was a little late.
After the plaintiff had met with some injury, fortunately slight, the town authorities quite cautiously had a railing placed around the pit, and a light gave notice of danger.
A number of witnesses have testified. Some were inclined to take an extreme view, influenced by the thought of what it might have been, and others, like the pharmacist to whom we have referred, looked upon it as one of those ordinary incidents of no importance.
Taking up the law for a moment, the prin.ciple that a town should be careful when making changes in its streets is well settled. And in the event it is not it may be held liable.
In order to have a list of the decision, it is here inserted as supporting the view expressed: Barnes v. District of Columbia, 91 U. S. 540, 23 L. Ed. 440; Maxwell v. District of Columbia, 91 U S. 557, 23 L. Ed. 445; Cleveland v. King, 132 U. S. 303, 10 Sup. Ct. 90, 33 L. Ed. 334; District of Columbia v. Woodbury, 136 U. S. 451, 10 Sup. Ct. 990, 34 L. Ed. 472; Burridge v. City of Detroit, 117 Mich. 557, 76 N. W. 84, 42 L. R. A. 686, 72 Am. St. Rep. 582; Wilson v. City of Troy, 135 N. Y. 96, 32 N. E. 44, 18 L. R. A. 449, 31 Am. St. Rep. 821; Gibson v. City of Huntington, 38 W. Va. 177, 18 S. E. 447, 22 L. R. A. 563, 45 Am. St. Rep. 853; Cline v. City et al., 41 La. Ann. 1031, 6 South. 851; O’Neill v. City, 30 La. Ann. 220, 31 Am. Rep. 221; *408 Cline v. City, 43 La. Ann. 327, 9 South. 122, 26 Am. St. Rep. 187; Rock v. Am. Const. Co., 120 La. 831, 45 South. 741, 14 L. R. A. (N. S.) 653; Gueble v. Town of Lafayette, 121 La. 910, 46 South. 917.
There was' some injury, though not considerable, yet sufficient to hold the town liable under the decisions just cited.
The subject of signals and their necessity is mentioned in 3 Abbott on Municipal Corporations, pp. 2290, 2300, and other writers upon the negligence of municipalities.
The municipality is not more emancipated from liability in eases of this kind than the private individual.
It is a right of the public to presume that it will not be exposed t.o injury, and that the protection is reasonably safe.
Now. as to the amount of the damages: We will not disturb the judgment.
For the slight injury sustained, the amount allowed is sufficient.
For reasons stated, we affirm the judgment of the district court.