### No. 9806.

### Orleans

---

## WELSCH v. STANDARD OIL COMPANY, Appellant

---

(March 1, 1926. Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Automobiles—Par. 4, 4 (a), 4 (c).

The owner of a truck who negligently collides with another automobile driving it against a person and thus injuring him is liable in damages.

(Civil Code, Art. 2315. Editor's Note.)

Appeal from the Civil District Court for the Parish of Orleans, Division "C", Hon. E. K. Skinner, Judge.

Action by Isadore Welsch against Standard Oil Company of Louisiana for damages for physical injuries.

There was judgment for plaintiff, and defendant appealed.

Judgment affirmed.

Meyer and Mitchell, of New Orleans, attorneys for plaintiff, appellee.

P. M. Milner, of New Orleans, attorney for defendant, appellant.

## OPINION.

CLAIBORNE, J. This is a damage suit resulting from a collision of automobiles.

The plaintiff alleged that on May 11, 1923, at 5:30 p. m., he alighted from a street car at the intersection of Napoleon Avenue and Magnolia Street; that a truck owned by the defendant company, while crossing Napoleon Avenue at said intersection going down town, negligently ran into a Packard automobile running on Napoleon towards Washington Avenue, causing said automobile to swerve in the direction of the street car, which had stopped to permit the plaintiff to alight, causing said automobile to strike plaintiff forcibly and injuring the thumb of his right hand and other portions of his body, and spoiling his suit of clothes with oil and causing him to spend $20 for a doctor and $15 for an X-ray, and to suffer physical pain to the extent of $1,500.

The defendant denied any liability. It alleged that its driver was crossing the intersection of Napoleon Avenue at a very low speed; that a Packard automobile was running at a very high speed in the direction of the lake; that defendant's driver, in order to avoid the Packard car, swerved his truck towards the lake just in front of a Clio Street car standing near the intersection; that the Packard car ran into the left front of the street car and into the

right rear of defendant's truck; that the injury suffered by the plaintiff was due to the fault of the Packard car.

There was judgment for plaintiff for $500, and defendant has appealed.

The facts of the case are as follows:

The plaintiff was driving up Magnolia Street in a Clio Street car. The car stopped on the down town side of Napoleon Avenue. Plaintiff got out with a bundle in his hand, from the front right hand door of the car, and turned and passed around in front of the car in the direction of the river. While still in front of the car, a Packard automobile was driving on the lower side of Napoleon Avenue, going towards the lake. When it reached the intersection of Magnolia Street, an automobile truck, belonging to the defendant, was running on the upper side of Napoleon Avenue in the direction of the river. When it reached Magnolia Street it turned to cross Napoleon Avenue going down town. It did so only partially, for before it had crossed it ran against the Packard automobile, which in its turn was shoved, and jammed the plaintiff against the street car, knocking the package out of his hand, injuring his hand, and otherwise bruised him.

The trial judge was of the opinion that the fault of the accident was attributable to the defendant, and we cannot say that he erred.

The only question remaining is the character of the injury to plaintiff and the amount of the damage to which he may be entitled. They are thus stated by Dr. Daniel J. Murphy, who treated him.

Q. What was the exact nature of the illness that you treated Mr. Welsch for?
A. Lacerations and contusions.
Q. What part of his body, doctor?
A. Of both hands. The palm of the

hand, lacerations and contusion of both knees, slight contusion of the forehead, and contusion of the thumb of the right hand.

Q. Doctor, what was the more serious injury?

A. The most serious injury was the contusion of the thumb. The others were minor.

Q. Were you the doctor that ordered an X-ray of the thumb to be taken?

A. Yes, sir.

Q. How long did you treat Mr. Welsch?

A. In all, about a month.

At home I visited him from the 11th to the 16th of the month, and then he visited me at the office until the 6th of the following month, June.

Q. The injuries that Mr. Welsch was suffering from, were they very painful and cause inconvenience?

A. Yes, sir, they would cause inconvenience; they were painful; * * * there was swelling, bruising, blackening, and the thumb in itself was decidedly purple; there were no marks left, no fracture, no dislocation, merely a sprain; the effect of the injury was the soreness or tenderness, and the inability to use the thumb; it was bandaged and splinted; the pain lasted about a week; it was not very serious.

Damages must be restricted to strict compensation against persons vicariously liable as an employer for the acts of his employee. Terrell vs. Babcock, Gardiner & Co., 8 La. 25; Keene vs. Lizardi, 8 La. 33, quoted in 147 U. S. 101; Hill vs. New Orleans, O. & G. W. R. Co., 11 La. Ann. 292; Graham vs. St. Charles Street R. Co., 47 La. Ann. 1656, 18 South. 707; Rutherford vs. Shreveport & H. R. Co., 41 La. Ann. 793, 6 South. 644; brief, Vincent vs. Morgan's Louisiana & T. R. & S. S. Co., 140 La. 1044, 74 South 541.

The suit is exclusively for suffering; no loss of time or other damage.

The plaintiff's suit of clothes was damaged to the extent of $30; he paid $5 for an X-ray, and possibly $20 to his doctor.

1. In Maher vs. Louisville, N. O. & T. Ry. Co., 40 La. Ann. 64, 3 South. 462, the court reduced a judgment of $750 to $300 for slight injuries.

2. In Rutherford vs. Shreveport & H. R. Co., 41 La. Ann. 793, 6 South. 644, the judgment was for $200 where "the injuries were not grievous, the sufferings not intense and the consequent loss of time and of business slight and not of long duration. Harkness vs. Louisiana & N. W. R. Co., 110 La. 822, 34 South. 791.

3. In Nash vs. Canal & C. R. Co., 52 La. Ann. 1199, 27 South. 661, where "the injuries were not severe," the plaintiff recovered $100.

4. In Dixon vs. Pittsburg & G. Lumber Co., 52 La. Ann. 1114, 27 South. 654, rifle ball wound $150.

5. In Thompson vs. Dotterer, 105 La. 37, 29 South. 483, where the plaintiff "was seriously injured", the jury awarded $250.

6. In La. Grove vs. City of New Orleans, 114 La. 253, 38 South. 160, the plaintiff was seriously injured. She alleged that she was treated at the Touro Infirmary, and that she was confined to the bed for seven weeks. The Court refused to increase a judgment of $300.

7. In Oxendine vs. Louisiana Ry. & Nav. Co., 119 La. 191, 43 South. 1003, the plaintiff received "a cut across the eyebrow and some slight bruises." He obtained a judgment for $100.

8. In Allen vs. Town of Minden, 127 La. 403, 53 South. 666, a lady was slightly injured by falling into an excavation in the street. She received $100, same on page 407.

9 In Cartwright vs. New Orleans Ry. &

Light Company, 131 La. 210, 59 South. 124, $700 for a sprained shoulder was reduced to $350.

We think that two hundred dollars for suffering, thirty dollars for clothes, twenty dollars for doctor, and five dollars for an X-ray will be full compensation to the plaintiff.

It is therefore ordered that the judgment herein be reduced from five hundred dollars to two hundred and fifty-five dollars, and as thus amended the same is affirmed.