377 So.2d 1348 (1979)
Joseph SKINNER
v.
Thomas V. NIGHTINGALE and Allstate Insurance Company.
Patricia REBARDI
v.
Thomas V. NIGHTINGALE and Allstate Insurance Company.
Nos. 12843, 12842.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
*1349 Thomas L. Mahfouz, Lippman, Mahfouz & Martin, Morgan City, for plaintiff.
L. Lane Roy, Davidson, Meaux, Onebane & Donohoe, Lafayette, for Thomas Nightingale and Allstate Ins. Co.
M. J. McNulty, III, Bauer, Darnall, McNulty & Boudreaux, Franklin, for City of Morgan City and USF&G.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
These consolidated suits are tort actions for damages sustained in an intersectional collision which occurred on May 15, 1976 between an automobile owned by Patricia Rebardi and driven by Joseph Skinner and an automobile owned and operated by appellant, Thomas Nightingale.
The accident occurred at the intersection of Belanger Street and Front Street within the city limits of Morgan City, Louisiana. Belanger Street runs in an east-west direction while Front Street runs north-south and is divided down its center by a concrete seawallfour feet high with a six foot mud box on top for a total height of ten feet. Controlling the intersection were 4-way stop signs. Mr. Skinner was travelling in an easterly direction on Belanger Street and Mr. Nightingale was travelling in a northerly direction on Front Street as they approached the intersection. Mr. Skinner testified that he stopped at the stop sign on Belanger Street, then proceeded to the edge of the seawall where he stopped again before pulling onto the northbound lane of Front Street where he was struck by Thomas Nightingale's vehicle. Mr. Nightingale testified that he stopped at the stop sign and then proceeded into the intersection and collided with the vehicle driven by Mr. Skinner. Mr. Skinner originally brought suit against Mr. Nightingale and his insurer, Allstate Insurance Company, for a mild to moderate cervical and lumbar strain sustained. Mr. Nightingale and Allstate filed a third party demand against the City of Morgan City, Louisiana, and its insurer. A supplemental and amending petition was later filed by Mr. Skinner wherein the City and its insurer, United States Fidelity and Guaranty Co., were added as alleged in solido tortfeasors. The claim against the *1350 City was based on the allegation that it failed to maintain a safe intersection.
In the consolidated action, Patricia Rebardi filed suit against the same defendants for property damage to her automobile.
At the conclusion of the trial, the jury found that Mr. Nightingale was the sole proximate cause of the accident and awarded Mr. Skinner damages in the sum of $15,000. In accordance with the jury verdict, the trial judge rendered judgment against Thomas Nightingale and his insurer in the amount of $1,748.88 for damage to Patricia Rebardi's vehicle. All claims against the City of Morgan City and its insurer were dismissed. Mr. Nightingale and Allstate Insurance Company appealed both judgments. Mr. Skinner also appealed seeking an increase of damages.
Appellants, Mr. Nightingale and his insurer, contend that the trial jury erred: (1) in failing to find Mr. Skinner contributorily negligent, and (2) in finding no liability on the part of the City.
Appellee, Joseph Skinner, also contends that the jury erred in finding no liability on the part of the City. He additionally asserts that the jury abused its discretion in awarding only $15,000 when his medical expenses alone amounted to approximately $11,000.
In regard to the first issue, contributory negligence is a question of fact to be determined by the judge or jury. Cooksey v. Central Louisiana Electric Co., Inc., 279 So.2d 242 (La.App. 3rd Cir. 1973). The reviewing court should not disturb these factual determinations in the absence of manifest error. In order to find manifest error, the record must support the conclusion that the factual determination was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After reviewing the entire record, we conclude that Mr. Skinner was not contributorily negligent. The evidence presented is supportive of the conclusion that Mr. Skinner proceeded carefully and prudently across the intersection and no negligence has been established on his part. Appellants argue that Mr. Skinner was speeding because his vehicle traveled 54 feet after the collision before coming to a stop. Mr. Skinner explained that the shock of the accident momentarily dazed him and he did nothing to stop the vehicle. The jury could have accepted his explanation and we find no manifest error therein. There is evidence in the record that Mr. Skinner was not speeding, was in his proper lane of travel, could not have seen Mr. Nightingale's vehicle until he was past the seawall, had stopped at the seawall even though no stop sign was present there and had sounded his horn. Therefore, the record clearly supports the determination of this issue by the trial jury.
The second issue presents for our determination the City's responsibility to maintain its streets in a safe condition.
As was stated in Clinton v. City of West Monroe, 187 So. 561 (La.App. 2nd Cir. 1939), "[A] municipality may be held in damages to those injured because of its failure to keep its street and sidewalk in a reasonably safe condition for travel."
In the case of Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975), our Supreme Court approvingly quoted the above language and further held:
"... Defects which are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Liability will only be imposed when the defect is dangerous or calculated to cause injury. Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239 (1951); White v. City of Alexandria, 216 La. 308, 43 So.2d 618 (1949).
"There is no fixed rule for determining what is a dangerous defect in a public way; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question: Was the public way maintained in a reasonably safe condition for persons exercising ordinary care and prudence? Arata v. Orleans Capitol Stores, supra; cf. Nessen v. City of New Orleans, 134 La. 455, 64 So. 286 (1914); Allen v. Town of Minden, 127 La. 403, 53 So. 666 (1910)."
There were no defects in the streets forming the intersection and no defects in *1351 any of the 4-way stop signs. Though the intersection is inherently dangerous, it is obvious to any person exercising ordinary care and prudence.
There was evidence before the jury that the seawall is necessary; that it is there to protect the City from high water, and; that the six foot addition on top did not obstruct the view more than the concrete seawall itself, insofar as automobile traffic is concerned.
The City has done what it thought best with the situation confronting it at that location. There is much testimony in the record about alternative and better traffic controls that could have been used at this intersection. However, prior to 1972, there was a traffic light at the intersection in question. The record reveals that ten accidents occurred in a two year period while the traffic light was in use. In 1972 the 4-way stop sign system was installed. With this system in use there were two accidents involving two or more vehicles in 1972, none in 1973, none in 1974, one in 1975, one in 1976 (this accident) and none in 1977. It would be inconsistent to conclude that the traffic controls at this intersection, with such a low accident rate, is dangerously defective. Therefore, the trial jury did not err in finding the City free from liability.
The third issue concerns quantum of the jury award. Here again much discretion is left to the jury in assessing damages and such discretion should not be disturbed on appellate review in the absence of abuse. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Mr. Skinner contends that the jury could not have fully appreciated his medical expenses since only $4,000 in excess of these expenses was awarded. The jury awarded $15,000. We cannot ascertain from this lump sum figure the portion intended to compensate for special damages and that meant for general damages. However, in view of Mr. Skinner's injury, we conclude that the jury did not abuse its much discretion. Mr. Skinner suffered a mild to moderate cervical and lumbar strain which required hospitalization on several occasions. He was advised to take muscle relaxants and to refrain from certain activities. In spite of this treatment, he experienced pain off and on for more than a two year period. However, surgery was not indicated for Mr. Skinner. One of the treating physicians testified that it was unusual for a patient with this type injury to experience pain for such an extended period. He further indicated that in time Mr. Skinner's discomfort would cease and no permanent disability would result.
Accordingly, the jury verdict is affirmed in all respects. Appellants, Thomas Nightingale and Allstate Insurance Company, are to bear all costs of this appeal.
AFFIRMED.