451 So.2d 160 (1984)
Stephen S. WOOD
v.
Henry A. HAAS, et al.
No. 83 CA 0717.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Rehearing Denied June 29, 1984.
*161 George K. Anding, Jr., Baton Rouge, for Stephen S. Wood.
Daniel R. Atkinson, Baton Rouge, for Henry A. Haas, Henry J. Haas and Allstate Ins. Co.
J. Rodney Ryan, Baton Rouge, for Mary Kathryn Bellew.
Horace C. Lane, Baton Rouge, for State Farm Mut. Auto. Ins. Co.
Ray Dawson, Baton Rouge, for Progressive American Ins. Co.
Frank J. Gremillion, Asst. Parish Atty., Baton Rouge, for City of Baton Rouge.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Plaintiff, Stephen S. Wood, appeals the trial court's judgment dismissing his tort action against the defendant, City of Baton Rouge, Parish of East Baton Rouge (City-Parish), in this personal injury case.
About 10:00 P.M. on April 7, 1980, plaintiff, accompanied by a rider, was proceeding south on Highland Road at approximately 35 miles per hour on his motorcycle. At approximately the same time, Henry A. Haas, who was driving a car headed west on East Parker, stopped at the intersection of East Parker before proceeding across Highland Road to West Parker. A collision occurred between the Haas automobile and the Wood motorcycle, resulting in serious injury to Mr. Wood.
Highland Road, a two-lane road that runs through the LSU campus, is intersected by East Parker and West Parker Boulevard just south of the campus. East Parker and West Parker do not line up directly across from each other, rather there is an offset in the intersection.
The entry onto the LSU campus is marked by two large octagonal concrete posts, approximately seven feet in width, which are situated on each side of Highland Road. These gates are north of the subject intersection and approximately 77 feet from the north edge of East Parker. A stop sign controls traffic from East Parker entering onto Highland Road. The stop sign is located 17 to 21 feet from the east parallel line of Highland Road.
Prior to the trial, plaintiff settled with Henry A. Haas, operator of the automobile, Henry J. Haas, owner of the automobile, and the owner's insurers. The case now involves only the prospective liability of the remaining named defendant, the City-Parish.
Plaintiff seeks to show that the City-Parish was at fault in designing the intersection, as a hazard or trap has been created for traffic entering onto Highland Road from East Parker.

*162 ACTION OF THE TRIAL COURT
The trial court ruled in favor of the defendant, finding there was no evidence of fault on the part of the City-Parish and that the sole cause of the accident was attributable to the fault of Henry A. Haas. The trial judge dismissed plaintiff's suit as to the City-Parish. Plaintiff timely took a devolutive appeal.

ASSIGNMENTS OF ERROR
Appellant submits that the trial court erred:
(1) in finding no evidence of fault on the part of the City-Parish which proximately caused the collision in question; and
(2) in finding that the sole cause of the accident was the fault or negligence of Henry A. Haas.
We will consider both assignments of error together.
The trial judge referred to Skinner v. Nightingale, 377 So.2d 1348 (La.App. 1st Cir.1979), as stating the law applicable to this case. "Defects which are not in the nature of traps, or from which danger cannot reasonably be anticipated provide no actionable negligence. Liability will only be imposed when the defect is dangerous or calculated to cause injury." ... "There is no fixed rule for determining what is a dangerous defect in a public way; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question: was the public way maintained in a reasonably safe condition for persons exercising ordinary care and prudence?"...
The testimony of the expert witnesses showed that the line of sight is restricted at the intersection and is limited to 140 feet for East Parker traffic stopped at the stop sign. However, the evidence also showed that by moving past the stop sign to the edge of Highland Road, a motorist on East Parker can see more than 335 feet to the north, the direction from which plaintiff approached. Accordingly, the trial court found that had Haas moved to the edge of Highland Road, he, Haas, would have had an unobstructed view to the north for a considerable distance. Haas' failure to see the approaching motorcycle with its headlamp burning was negligence and the sole cause of the accident. For these reasons, the trial judge dismissed plaintiff's case as to the City-Parish.
Great weight must be given to the factual conclusions reached by the trial court. This court may not substitute its own evaluations and inferences for the reasonable evaluations and inferences of the trier of fact, unless those conclusions are clearly wrong. Everett v. Louisiana, Department of Transportation and Development, 424 So.2d 336 (La.App. 1st Cir.1982), rehearing denied, Jan. 1983. We agree with the trial court that no fault was shown on the part of the City-Parish and that the sole cause of the accident was the negligence of Henry A. Haas.
Application of the test set out in Skinner leads us to the same conclusion. The record convinces us that this intersection was reasonably safe for Henry A. Haas, provided Haas exercised care and prudence. Care and prudence would have dictated that Haas move forward to the edge of Highland Road, at which point Haas could and should have seen the approaching motorcycle. There was no trap. Haas knew that he was preparing to cross a major thoroughfare from a side street. He knew or should have known that it was his obligation, under the circumstances of this case, to ascertain that his crossing could be initiated and completed safely. His failure to fulfill his obligation was the cause-in-fact of the accident.
For the foregoing reasons, the trial court's judgment is affirmed. Costs are to be borne by appellant.
AFFIRMED.