DANIEL S. PEARSON, Judge.
In this negligence action we reverse a summary judgment entered in favor of Metropolitan Dade County, one of several defendants. The decedent, Alexander Hiss, a twelve-year-old boy, was killed while riding his bicycle in a westerly direction into an intersection in which the two lanes designed to be used for southbound traffic were closed. Alexander was struck by a car traveling south in one of two lanes designed to be used for northbound traffic only.
We agree with the County that the misplacement or absence of signs warning of the approaching and clearly visible intersection does not afford a basis for liability, since, without dispute, Alexander rode his bicycle into the intersection without looking for cars traveling in a southerly direction on the intersecting avenue. See Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla. 2d DCA 1977), cert, denied, 354 So.2d 986 (Fla.1978); Wood v. Haas, 451 So.2d 160 (La.Ct.App.), cert, denied, 458 So.2d 124 (La.1984).[1] We nonetheless find that the removal of barricades from the two lanes designed to be used for southbound traffic may have deceived Alexander into believing that all four lanes of the intersecting avenue were open to traffic and thereby to expect that he would not encounter a car moving in a southerly direction until he had traversed both of the lanes designed for northbound traffic and the median strip. Thus, because the record reflects that the unbarricaded lanes were in fact closed to traffic and the lanes designed for northbound traffic were consequently being used to accommodate cars traveling both south and north, and because the County has not conclusively shown that it was not responsible for this arguably confusing and dangerous setting,[2] the summary judgment for the County is reversed and the cause remanded for further proceedings.
Reversed and remanded.

. Both Spinelli and Haas are cited in Beyer v. Nelson, 493 So.2d 1124 (Fla. 3d DCA 1986).

. The County urges that the plaintiffs abandoned all theories of the County’s responsibility concerning the barricades except the theory that the County had failed to inspect and thus learn that the developer had removed the barricades and that it is thus relieved from liability under Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985). Our review of the transcript of the pretrial conference at which this abandonment is said to have taken place convinces us that there has been no abandonment and that there is a genuine issue of fact as to whether the County is responsible for the removal of the barricades.