### CALCULAGRAPH CO. v. AUTOMATIC TIME STAMP CO. et al.

(Circuit Court of Appeals, Second Circuit. April 11, 1911.)

No. 231.

1. PATENTS (§ 327*)—SUIT FOR INFRINGEMENT—EFFECT OF PREVIOUS ADJUDICATION.

Although the decision of a Circuit Court of Appeals in a patent suit is not binding on a similar court in another circuit, for the sake of uniformity of decision, it should be followed, unless the second court is persuaded that it is clearly wrong.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

2. PATENTS (§ 328*)—INFRINGEMENT—TIME RECORDING MACHINE.

The Hamilton patent, No. 424,291, for an apparatus for recording measurements of time, space, or quantity, and the Abbott patent, No. 583,320, for a calculagraph which embodies the Hamilton invention, *held* not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Calculagraph Company against the Automatic Time Stamp Company and William H. Thompson. Decree for defendants, and complainant appeals. Affirmed.

See, also, 154 Fed. 166.

On appeal from a decree of the Circuit Court for the Southern District of New York dismissing the bill which is based upon claim 1 of letters patent No. 424,291 granted March 25, 1890, to Emery M. Hamilton for improvements in apparatus for recording measurements of time, space, or quantity. The bill is also based upon claims 1 and 2 of letters patent No. 583,320 for improvements in calculagraphs granted to Henry Abbott, March 25, 1897. Prior decisions bearing upon the questions involved will be found in 132 Fed. 20; 136 Fed. 196; 144 Fed. 91, 75 C. C. A. 249; and 153 Fed. 961, 83 C. C. A. 77. The Hamilton patent expired March 25, 1907, about seven months prior to the commencement of this action, which was begun in the autumn of 1906, after the decision of the Circuit Court of Appeals for the First Circuit hold-

ing that the claims in issue were not infringed by similar structures to those here involved.

Edwin J. Prindle and Arthur Wright, for appellant.

J. Steuart Rusk and Frederick L. Emery, for appellees.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. [1] In view of the fact that the principal patent has expired and that an accounting would apparently produce no practical result, this court should be very clearly convinced that the decree, which follows the decision of the Circuit Court of Appeals for the First Circuit, is erroneous. The appellant correctly says that:

"The decision of the Court of Appeals in the First Circuit while entitled to great weight and respect is not conclusive on the present court."

Although the parties are entitled to the independent judgment of this court, nevertheless the orderly administration of justice requires that, where a question has been decided after careful and exhaustive examination by the Court of Appeals of one circuit, another court of co-ordinate jurisdiction should not reach a different conclusion unless persuaded that the first decision is clearly wrong. Especially is this true in patent causes, for otherwise, under our present system, a party may be punished for an act which on the other side of a dividing line is perfectly lawful and proper. It is sufficient for us to say that we are not persuaded that the decision in the First Circuit is erroneous.

It is unnecessary to discuss at length the questions debated as the arguments for and against the patents are found in the previous decisions of the courts.

[2] Speaking of the first claim of the Hamilton patent, the Court of Appeals says:

"The infringement of this claim turns upon the fourth element; in other words, it turns upon the answer to the question: Does the defendant's minute-hand mechanism embody 'mechanism whereby the numerals-type and pointer-type may be separately printed upon a ticket?' 'Separately printed' means independently printed. An analysis of the Hamilton invention and the language of the specification forbids giving these words any other construction than their natural and ordinary signification. Since in the defendant's minute-hand mechanism there is no separate printing of the gradations and the pointer, but only the successive printing of all the dies, that mechanism does not come within the terms of this claim. Nor can these printing mechanisms be held to be the equivalent of each other, for the reason that the successive superimposed printing from both dies, which characterizes the defendant's machine, was the very thing which Hamilton not only sought to avoid, but which he must avoid in order to print an intelligible record. The originality of the Hamilton invention resides as much in his ingenious form of printing as in his die, and no apparatus infringes the claims of the Hamilton patent which does not have the essential features of these two elements, or their mechanical equivalents."

Regarding the first and second claims of the Abbott patent, the court says:

"The scope of the real invention covered by these claims is narrow. If it were not that both sets of dies are driven by a single motor built upon the ordinary clock mechanism, it is doubtful if we could escape the conclusion that these claims are for mere aggregations. At all events, these claims

must be limited to independent sets of dies which are independently operated by levers. The dies in the defendant's machine are so organized that they are not divided into independent sets, and consequently they do not require in their operation the levers of the Abbott patent. In the printing of the time of day dies and the minutes elapsed-time dies, the defendant employs a single lever. This lever by a movement in one direction operates all of these dies, thereby making the first imprint, and by a successive movement in the same direction again operates all these dies, thereby making the final imprint."

We concur in the foregoing statements and in the conclusion that infringement has not been proven.

The decree of the Circuit Court is affirmed, with costs.