No. 2238

Second Circuit

GREEN v. MOORE

(June 30, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Automobiles—Par. 4.**

It is a duty of one driving an automobile to have his car under control and maintain such a lookout as would enable him to turn out of the road or to stop his car before striking another.

2. **Louisiana Digest—Parent and Child—Par. 12.**

Under Civil Code Article 2318 the father is responsible for the damages occasioned by his minor child residing with him.

Appeal from the Second Judicial District Court of Louisiana, Parish of Webster, Hon. Robert Roberts, Jr., Judge.

Action by Will Green against Matt Moore. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. K. Watkins, of Minden, attorney for plaintiff, appellee.

C. M. Roberts, Stewart and Stewart, of Minden, attorneys for defendant, appellant.

WEBB, J. The plaintiff brings this action to recover judgment against defendant in the sum of two hundred and fifty-eight 01-100 dollars, damages (repairs of an automobile, depreciation in value, and loss of the use of the automobile while it was being repaired) alleged to have been sustained as the result of the negligence of the minor son of defendant while driving an automobile belonging to his father.

Plaintiff alleges that while he was driving an automobile on the public road going in a northerly direction, defendant's son, who was driving an automobile traveling in a southerly direction, willfully and negligently drove the automobile into collision with plaintiff. That defendant's son was a minor, residing with his parents, and at the time was driving the car on a mission for defendant.

The plaintiff noted the reckless manner in which defendant's son was driving, and in order to protect himself plaintiff drove his car as far to the right of the road as it was possible for him to do, but that defendant's son came on down the middle of the road driving in a reckless manner at a high rate of speed and drove the car into collision with plaintiff's car, although

there was ample room for defendant's son to have passed plaintiff's car to the left.

The defendant excepted that plaintiff's petition failed to state a cause of action, and the exception being overruled, defendant answered denying responsibility, and alleged that the collision was due to the negligence of plaintiff and reconvened for judgment against plaintiff.

On trial, judgment was rendered in favor of plaintiff in the sum of one hundred and thirty-three and 01-100 dollars and rejecting defendant's reconventional demand, from which judgment defendant appeals.

## OPINION

The evidence shows that the road on which the collision occurred was eighteen to twenty feet in width, and that in the course of vehicles passing over the roadway, "ruts", the width of the vehicles and several inches in depth, had been cut, which were approximately in the center of the road, and that the drivers of the respective automobiles were driving in these ruts. At the time of the collision, it was raining and the roads were slippery.

In this situation, each of the drivers, if not paying too strict attention to the center of the roadway, were bound to concede to the other a part of the roadway between the ruts and to take action looking to this concession at a time when it would be possible to do so or to stop their cars.

Both of the drivers state that they attempted to concede a part of the way, but it appears that defendant's son wholly failed in his attempt and plaintiff succeeded only to the extent of getting the front wheels out of the ruts and placing his car diagonally across the roadway before the collision.

The evidence shows that plaintiff had stopped his car for an appreciable time, and that defendant's son did not see the plaintiff's car until it was too late for him to turn out of the roadway or to stop his car.

The rights of the parties were the same, each being bound to anticipate the presence of the other, and while driving in the ruts in the center of the roadway they were bound to have their cars under such control and to maintain such a lookout as would enable them to concede a part of the roadway or to stop their cars in time to avoid the collision; and we are of the opinion that the judgment which found that defendant's son was negligent in that he did not have his car under such control and that he did not maintain such lookout as enabled him either to turn out of the road or to stop his car, is supported by the evidence.

As to the liability of the defendant for the negligence of his minor son, the evidence shows that the child was living with his parents and was at the time of the collision driving the automobile in obedience to their instructions, and the defendant is liable under Article 2318 of the Civil Code.

"The father, or after his decease, the mother, are responsible for the damages occasioned by their minor or unemancipated children, residing with them,* * *."

The judgment is affirmed.