No. 2952

Second Circuit

---

MILLSAPS v. HORNSBY

---

(May 13, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest — Automobiles — Par. 4 (a), 7.

Even though the defendant was negligent, the plaintiff was contributorily negli-

gent in approaching the meeting place of the two cars at such a speed that he could not stop in time to avoid the collision, defendant's car being slightly over on the left side of the road at the moment of impact.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln. Hon. S. D. Pearce, Judge.

Action by Herbert M. Millsaps against Cleve Hornsby.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Dhu Thompson, of Ruston, attorney for plaintiff, appellant.

J. W. Elder, of Farmerville, attorney for defendant, appellee.

WEBB, J.   The plaintiff instituted this action to recover damages for injuries sustained in a collision between an automobile owned by him and in which he was riding at the time of the collision, and an automobile owned and being driven by defendant, and the latter reconvened for damages alleged to have been sustained by him and his minor daughter who was riding in defendant's car.

The cause was submitted to a jury which returned a verdict rejecting the demands of all parties, and plaintiff appealed from a judgment based on the verdict, and defendant answered the appeal, praying that the judgment be affirmed insofar as it rejected plaintiff's demands, and reversed insofar as it rejected defendant's reconventional demands.

The collision occurred on the public highway and in the daytime and the drivers of both machines could have had a clear view of the situation and of the cars as they approached the point of collision.

The defendant was driving east and immediately in front of him and traveling in the same direction was another automobile, both cars being driven at a rate of speed estimated from twenty to twenty-five miles per hour, and as those cars approached the point of collision, which was near a point where a car headed in the same direction in which defendant was going was parked on the side of the road, the car of defendant approached from the east and at an approximately equal distance from the parked car.

The situation thus presented was such that each of the drivers of the respective cars were bound to exercise that degree of care called for by the situation.

The defendant was driving so close to the car in front of his that when the latter came to a sudden stop immediately behind the parked car he was unable to stop in time to avoid colliding with the car in front of him and was confronted with a situation where he would either have to strike the car in front of him or place his car in front of the advancing car, and, choosing the latter, he placed his car in a position where the left front wheel of his car was over the center of the road and where it came in contact with plaintiff's car.

The defendant in driving so close to the car immediately in front of him and at a rate of speed which would not permit him to bring his car to a stop before striking the car in front of him, should the latter come to a sudden stop, was

negligent (Henican vs. Woodman, et. al., 1 La. App. 281), and his negligence created the situation where he took the chance of colliding with the car of plaintiff, of which danger, he being held to have noted the situation, is held to have been aware, and he cannot recover.

On the other hand, the speed at which plaintiff's car approached the .meeting place was variously estimated at from twenty-five to fifty miles per hour, and as the evidence shows that defendant's car was only slightly over the center of the road and had been brought to a stop at the time of collision, and that there was room for the plaintiff's car to have passed, we cannot account for the collision on any other theory than that plaintiff's car was being driven at an excessive rate of speed which contributed to the collision.

The judgment appealed from is therefore affirmed.