## No. 10,215

### Orleans

---

## TESTARD v. BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS.

---

(February 27, 1928. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Automobiles—Par. 4.** The rule to the effect that drivers of automobiles are required to regulate the speed of their cars and maintain such control as will permit their stopping within the range of objects and obstructions plainly visible, has no application to emergencies creating unexpected hazards which could not reasonably be anticipated.

. Appeal from Civil District Court, Division "C". Hon. Porter Parker, Judge.

Action by Henry A. Testard against Board of Commissioners of the Port of New Orleans.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellant.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This suit results from a collision of automobiles. Plaintiff was driving down St. Charles Avenue at about 9 a. m. Following plaintiff was a Ford and behind the Ford defendant's car.

Plaintiff observed a friend of his waiting at a street intersection for a street car, wanted him to ride, and in order to pick him up stopped his car near the neutral ground and a little ways beyond the intersection. The Ford car avoided striking plaintiff's car by turning sharply to the right, but defendant's chauffeur claims, and we think the record supports him, that he was unable to turn to the right because of the presence of a Buick automobile, abreast of him. Plaintiff's car was struck in the rear and damaged.

It is admitted that plaintiff was guilty of a violation of the city ordinance, as in fact he clearly was as appears by reference to the following provision:

"On streets divided by a neutral ground, no vehicle shall stop next to either curbing of the neutral ground."

It is insisted, however, that plaintiff's negligence was not the cause of the accident which is averred to be due to defendant's fault, in that its car was not operated at a speed sufficiently slow, and under such control that it could be stopped within the distance in which he can plainly see an object in front of him. The rule invoked is undoubtedly sound but it has no application here because the car of plaintiff could not be seen until the Ford had been forced out of the line by the

sudden stopping of plaintiff's car, and when seen created a hazard which defendant's driver had no reason to anticipate, nor guard against. In fact there was every reason to expect the contrary for it must be presumed that automobile drivers will observe the traffic ordinance. His only chance to avoid the accident was by turning sharply to the right as the driver of the Ford did, but this he could not do because of the presence of the Buick car abreast of him. See Jacobs vs. Jacobs, 141 La. 272, 74 So. 992.

It is argued that there was no other place for plaintiff to stop his car because he could not drive over to the curb nearest the sidewalk, for to do so would necessitate crossing the path of two lines of cars traveling in the same direction. The answer to this argument is that in that situation he should not have stopped at all and should have foregone the pleasure of giving his friend a ride.

The judgment appealed from is affirmed.