No. 3630

Second Circuit

MARITZKY ET AL. v. CHADICK-HAYES CO., INC.

(November 18, 1929.  Opinion and Decree.)
(December 31, 1929.  Rehearing Refused.)

Roberts & Naff, Wilkinson, Lewis, Wilkinson & Buford, of Shreveport, attorneys for plaintiffs.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant.

ODOM, J.  This litigation grows out of a collision which took place between plaintiff's automobile, driven by Mrs. Maritzky, and a truck belonging to the defendant company on a public highway.  The occupants of the automobile received personal injuries, and the automobile and truck were each badly damaged.  Plaintiffs sue the defendant for the damage which they sustained, alleging that the collision was due to the gross fault and negligence of the truckdriver.  Defendant denies any negligence on its part, but alleges that the collision was due to the fault and negligence of plaintiffs, and reconvenes for the damage done to the truck.  The district judge found and held that both parties were at fault and rejected plaintiffs' demands, as well as defendant's reconventional demand. Both parties appealed.

We are indebted to the judge of the district court for his written opinion which we find in the record, and, as he has correctly stated the issues involved and the facts, we copy his opinion in full:

"Plaintiffs, Marx Maritzky and Isadore Maritzky, owners of the automobile driven by Mrs. Brody Maritzky, wife of Marx Maritzky, and Mrs. Maritzky bring this suit for damages to the automobile and for personal injuries to Mrs. Maritzky resulting from a collision with a truck belonging to the defendant.

"The collision occurred on the Shreveport-Minden road just before noon near Red Point in Bossier Parish.  Mrs. Maritzky was proceeding from Minden towards Shreveport.  She was approaching at a speed of thirty or thirty-five miles per

hour a highway bridge across said road. A heavily loaded Dodge truck belonging to defendant was crossing said bridge. The tracks of the truck, examined and measured after the accident, show that the truck proceeded, after it crossed. the bridge, a distance of some thirty feet in a straight line. The bridge, as is usually the case, is somewhat narrower than the road. The road from shoulder to shoulder was twenty-one feet wide at the time of accident. There is nothing to show that the truck was going at an excessive or unsafe speed.

"The tracks show that the right wheels of the truck were three and a half feet from the righthand curb of the bridge as the truck was crossing the bridge. The tires and wheels extend some six inches into this three and a half feet and the overhang of the truck extends some foot and a half further. The testimony seems to indicate that the driver was driving as close to the righthand side of the bridge as he could reasonably and safely drive.

"At the point of the collision the measurements show that the tracks of the lefthand wheels of the truck were six inches to the left of the center of the road. As stated above, added to this would be the six inches of the wheel and the foot and a half overhang perhaps of the truck. In other words, the body of the truck was perhaps two feet over on its lefthand side of the road, the road being twenty-one feet wide. As stated above, this would leave eight and a half feet for the passage of vehicles going in the opposite direction.

"The testimony in the record as to the width of an automobile is somewhat conflicting, a witness stating once that it was seven feet and once that it was five and a half feet. As we know from personal experience that five and a half feet is correct, we will consider that to be the width of the automobile. It is therefore apparent that there was room for the car driven by Mrs. Maritzky to pass the truck.

"Photographs of the truck show that it was struck on the left side just back of the front wheel, a very severe blow; severe enough to knock the engine from its fastenings, break the steering apparatus and otherwise seriously damaging the truck. The breaking of the steering apparatus caused the truck, as it proceeded on after being struck, to angle into the righthand ditch some short distance beyond the point of the collision, where it turned over.

"The car driven by Mrs. Maritzky was standing face about after the collision in practically the middle of the road. It had been struck twice in front; once by the truck and once by a car which was following it and which collided with it after it had collided with the truck and turned completely around. Mrs. Maritzky says that, as she approached the bridge she saw the truck; that she slowed down, coming almost to a stop, and that she was as far on her righthand side of the road as it was possible to get. This statement does not tally with the physical facts. The way we view the matter we are satisfied that Mrs. Maritzky was approaching this bridge, narrower than the road, and occupied by the truck, at a fairly rapid rate of speed. We think she realized that it would be too tight a squeeze for her to pass the truck upon the bridge; that she became confused, put on her brakes and skidded in the loose gravel, losing control of the car and ramming the side of the truck. This view is borne out by the testimony of the witness who was driving directly behind Mrs. Maritzky. He testifies that when the collision occurred he endeavored to stop his car, put on the brakes and skidded into the loose gravel, causing him to collide with her car as stated above.

"We think that Mrs. Maritzky was clearly negligent in approaching a dangerous situation at a speed so great that she did not have her car under control. Her statement that the truck suddenly swerved from its righthand side of the road onto the lefthand side and struck her is completely disproved by the testimony of her own witnesses that the tracks of the truck from the bridge to the point of the collision was straight ahead and did not turn in any direction.

"In any event it was broad daylight; the whole situation was before her. If the truck was on the righthand side of

the road it had been there ever since it went upon the bridge. The situation was before her, and even though the truck was where it should not have been, she should have avoided, by the use of due care, any collision with it. We, therefore, think that plaintiffs cannot recover.

"On the other hand there is no doubt that the truck was on, at least to the extent of two feet, the righthand side of the road. We have no doubt that this wrongful position of the truck, at least after it had left the bridge, caused the dangerous situation which confused Mrs. Maritzky and led to the collision. We think, then, that both parties were guilty of negligence, and that .the law should leave them where they are. The fact that the truckdriver continued straight ahead after crossing the bridge instead of cutting to the right to give the oncoming cars their full portion of the road, convicts him of contributory negligence and bars recovery on the reconventional demand.

"The statement of the driver of the truck that Mrs. Maritzky collided with him because she suddenly turned out trying to pass a Ford automobile is not supported by the preponderance of the testimony in the case. We do not believe that any driver would turn suddenly out to pass an automobile on the approach to a narrow bridge. The accident was not so seen by any other witness, though one witness does testify that he was driving in the same direction as the truck and that he passed a Ford coupe going in the same direction as the automobile some six or seven hundred yards towards Shreveport from where the accident occurred. Furthermore, the testimony of W. E. Johnson, driver of the truck, on page 47 of the testimony, that the Ford coupe had gotten on the bridge and gone by before the time that the collision occurred, does not tally with his testimony that Mrs. Maritzky ran into him while suddenly turning out from behind the Ford coupe some thirty or more feet from the bridge.

"We, therefore, conclude that the demands of both plaintiffs and defendant should be rejected. Plaintiffs to pay the cost of the main demand and defendant to pay the cost of the reconventional demand."

A reading of the briefs filed by appellants discloses that neither side seriously questions the findings of the district judge on the facts. But, we note that counsel for plaintiffs state that, even though it be true that there was ample room for Mrs. Maritzky to have passed the truck, the testimony shows that there were small washouts over on the shoulder of the road which made it dangerous for her to get too far over on the side. But, our reading of the testimony discloses that there was a space of at least eight and a half or nine feet of perfectly safe roadway over which she might have passed. On page 99 of the record, the witness who testified that he had measured the road, was asked:

"Q. How wide was the portion of the road at that point which could be traveled?
"A. Twenty-one foot (21'). We measured both ways."

The testimony found on page 106 of the transcript shows that the road is in fact twenty-four feet wide at the point where the collision occurred, but at the time the road had not been recently graded so that the safe portion thereof was only twenty-one feet. It is clear to us that the small washouts mentioned by counsel for plaintiffs in their brief and in their oral argument were farther over on the side of the road and that the measurement of twenty-one feet had reference to that part of the roadway which was entirely safe for travel.

Our conclusion, after a careful review of the testimony, convinces us that Mrs. Maritzky, driver of the automobile, was

negligent in her handling of the car and that her negligence was of such character as to preclude recovery on the part of plaintiffs.

Counsel for defendant urge the point that, if it be held that the driver of plaintiffs' car was negligent, then it follows that defendant should recover for the damage done to its truck. That does not necessarily follow. Defendant's driver was also negligent. When he passed over the bridge, he saw, or could have seen if he had looked, the automobile approaching from the opposite direction. It was then his duty to swerve his truck over to the righthand side of the road as far as he could with safety. Instead of doing that, he proceeded straight down the road until he met the automobile, at which time the extreme lefthand portion of his truck was at least two feet beyond the center of the road. There is no reason suggested why he should not have gotten entirely over on his side of the road. The fact that he did not do so is due to his own fault and negligence. It is perfectly clear that the truckdriver's negligence in getting across the center of the road contributed to the collision. We think that even though Mrs. Maritzky was negligent, defendant's contributory negligence was such as to bar its recovery.

For the reasons assigned, it is ordered and decreed that the judgment appealed from be affirmed; with costs in both courts.

REYNOLDS, J., recused.