No. 4240

Second Circuit

(Second Division)

———

SMITH v. CHADICK-HAYES CO., INC.

———

(February 16, 1932. Opinion and Decree.)
(March 16, 1932. Rehearing Refused.)

———

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellant.

524

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellee.

TALIAFERRO, J. Plaintiff sues to recover judgment against defendants for injuries to him and his Pontiac coupe arising from a collision between his said car and the Chrysler coupe of defendants Marx Maritzky and Isadore Maritzky, while operated by the wife of the former, on the Shreveport-Minden highway, about 12 miles east of the city of Shreveport, in the forenoon of January 29, 1929. He alleges that a truck of defendant Chadick-Hayes Company, Inc., and said Chrysler coupe collided at said place and at said time, resulting in the truck running into a ditch on south side of said highway and turning over, and said Chrysler coupe remaining on said highway, completely obstructing traffic thereon; that he was driving his car behind said Chrysler coupe, and, as the collision of said truck and the coupe was so sudden and unexpected, it was impossible for him to bring his own car to a stop before running into the Chrysler car, notwithstanding he exercised due care and caution for his safety, operating his car carefully, at a lawful and reasonable rate of speed and maintaining a proper and reasonable distance between it and said Chrysler coupe.

The defendants, the three Maritzkys, residents of Claiborne parish, excepted to the jurisdiction of the court. This plea was sustained, and they passed out of the case. Only the Chadick-Hayes Company, Inc., remains as defendant to contest plaintiff's suit to recover for his injuries and damages.

The specific acts of negligence charged against defendants are: (1) That defendant drove its said truck at a fast and reckless rate of speed and on the wrong side of the highway; (2) that defendant Brody Maritzky operated said Chrysler car recklessly, losing control thereof, and running it into said truck; (3) that the drivers of said motor vehicles failed and neglected to have them under proper control as they approached each other; that each vehicle was swerved to the left toward each other and to the wrong side of the highway just prior to the collision; (4) that neither driver kept a lookout or gave any notice or warning of his or her approach.

Defendant denies all of the allegations of negligence imputed to it by plaintiff, and avers "that if plaintiff had been driving his car in a safe and proper manner, and under proper control, and had been maintaining a proper distance between his car and the car in front of him, and had maintained a proper lookout ahead, the car driven by him would not have collided with said Chrysler car." And further avers that the collision between plaintiff's car and the Chrysler car was due either to his own negligence and lack of care in operating his car, or to the combined negligence of himself and the driver of said Chrysler coupe, and not to any negligence of the operator of defendant's truck; that, if there was any negligence on part of said operator of the truck, plaintiff is barred from recovering on account of his own contributory negligence as above set out; and, in any event, he had the last clear chance to avoid the accident, and failed to do so.

The lower court rejected plaintiff's demand, and dismissed his suit, from which judgment he has appealed.

There are no written reasons of the district judge in the record, but we gather from briefs that he found and held that plaintiff's contributory negligence precluded recovery.

The present is the second suit to reach this court, growing out of the three-cor-

nered collision involved herein; the first one being by the two Maritzkys against the Chadick-Hayes Co., Inc., reported in 12 La. App. 104, 124 So. 566, 567. In that case plaintiffs sought to hold the truck owner responsible for the damages inflicted upon their Chrysler car, and defendant reconvened for damages done to the truck, by the collision. The district court, while holding defendant's truck driver negligent, declined to give judgment to plaintiffs, for the reason that the driver of the Chrysler car (the wife of Marx Maritzky) contributed to the accident to such extent as to bar recovery. On appeal, this judgment was affirmed by this court. The facts and issues involved in that case were well stated by the district judge in a written opinion which was adopted by this court and embodied at length in its opinion referred to supra. A perusal of these reasons will impart the true facts of the collision between defendant's truck and the Chrysler coupe, but these do not cover all the facts of the collision between plaintiff's Pontiac car and the Chrysler coupe.

The testimony in the adjudicated case referred to was introduced and filed as evidence in the present case, and this testimony, together with additional evidence adduced on trial of the present case, is before us for consideration. We have given careful consideration to all of it, and now reaffirm the conclusions reached by us in the former case. However, these conclusions are not necessarily binding on us in this case; the parties plaintiff and the causes of action being different. Civ. Code, art. 2286; Ford v. Simmons, 13 La. Ann. 397; Mestier v. N. O. Ry. Co., 16 La. Ann. 354; Woodcock v. Baldwin, 110 La. 270, 34 So. 440.

It is our opinion plaintiff is not entitled to recover in this suit. We believe a decision could safely be predicated alone on his own testimony.

Plaintiff testified that he had been to Ruston, from his home in Shreveport, the morning of the accident, and was in a hurry to get back home; that he first observed the Maritzky car as it came onto the Shreveport-Minden highway, ahead of him, 4 miles west of Minden, and he trailed it, going at the rate of from 30 to 35 miles an hour, and at an average distance of 100 yards therefrom, for some 17 miles, to the place of the accident; but that immediately prior to the accident he was distant from the Maritzky car 75 or 100 feet; that both cars were traveling faster than the other cars on the highway at the time and passed many of them, in fact all of them, going west, to the scene of the collision; that, when he realized a collision was imminent between the truck and Chrysler coupe, he applied his brakes, causing the car to zigzag in the loose gravel, but was unable to stop it before running into the Maritzky car. His testimony on the vital question of his looking out and ahead to observe what was going on, immediately prior to the accident, is equivocal. He states that he realized a collision was imminent some seconds before it happened, but says that he is not certain he saw the truck and Chrysler car when they collided, though they were not over 100 feet from him and were directly in his path of travel, and again he said he did not know how far he was from the first collision when he saw it. He states that the truck was about the middle of the road, and that the Maritzky car could not pass on its side. If this were true, the collision would have been head on, whereas it is beyond dispute that the Maritzky car struck the truck at an angle at a point behind the left front wheel, raising and damaging the fender and breaking a rod connecting the steering apparatus with the front wheel, resulting in the truck's driver losing control of it and it going off of the road into the right-hand ditch and turning

over, some 80 feet from the bridge. It is established that the road was 21 feet wide, and that there was clearance of 8½ feet between the overhang of the truck and north edge of road, thus allowing sufficient space for the Maritzky car to pass. Defendant further states that there was considerable dust on the road, and that, after the collision of the truck and Chrysler car, it was so dense "he could not see a thing."

Plaintiff's car was so badly damaged that he did not have it repaired. The Maritzky car suffered like fate, while the motor of the truck was disconnected from its fastenings to the frame as a result of the blow from the Maritzky car. These results indicate most positively that the automobiles were moving at a rapid speed when the collisions occurred.

The Maritzky car, by the force of the impact with defendant's truck, was turned about, facing east near the middle of the road, and, while there is some dispute as to how far it was from the bridge when struck by plaintiff's car, the preponderance of the evidence fixes this distance at 30 feet.

These accidents happened on the east side of a small concrete bridge across the highway. It is not as wide as the road. On each side of the bridge, the road slopes gradually towards it. Plaintiff's car was going down grade when the accident occurred.

We are inclined to believe, and in fact do believe, that the Maritzky car, and that of plaintiff, was traveling at a rate of speed much faster than alleged and testified to. When we consider that these cars were traveling faster than all the other cars on this stretch of the highway, passing them one by one, and that plaintiff was in a hurry to reach home, and that they were going down grade when the col-

lisions occurred, coupled with physical effects of the impacts, it requires no exceptional effort to arrive at this conclusion.

We quote the following resume of Judge Mills in the case of Maritzky v. Chadick-Hayes Co., referred to above, touching the negligence of both parties; and adopt same in so far as pertinent to the present opinion:

"We think that Mrs. Maritzky was clearly negligent in approaching a dangerous situation at a speed so great that she did not have her car under control. Her statement that the truck suddenly swerved from its right-hand side of the road onto the left-hand side and struck her is completely disproved by the testimony of her own witnesses that the tracks of the truck from the bridge to the point of the collision were straight ahead and did not turn in any direction.

"In any 'event it was broad daylight; the whole situation was before her. If the truck was on the righthand side of the road it had been there ever since it went upon the bridge. The situation was before her, and even though the truck was where it should not have been, she should have avoided, by the use of due care, any collision with it. We, therefore, think that plaintiffs cannot recover.

"On the other hand there is no doubt that the truck was on, at least to the extent of two feet, the righthand side of the road. We have no doubt that this wrongful position of the truck, at least after it had left the bridge, caused the dangerous situation which confused Mrs. Maritzky and led to the collision. We think, then, that both parties were guilty of negligence, and that the law should leave them where they are. The fact that the truck driver continued straight ahead after crossing the bridge instead of cutting to the right to give the oncoming cars their full portion of the road, convicts him of contributory negligence and bars recovery on the reconventional demand."

Plaintiff admits that he saw the truck of defendant as it was crossing the narrow concrete bridge, or immediately before it entered thereon. He was well acquainted with the highway there, and knew that

Mrs. Maritzky was a short distance ahead of him. He knew the road was dusty and that its surface carried loose gravel. He was traveling down grade, and admits that he trailed the Maritzky car for many miles, keeping around 100 yards from it, until just before the accident, when this distance was reduced to between 75 feet and 100 feet. Why he drew closer to the car at this critical point is not explained. The condition of things as plaintiff approached the bridge required of him the most careful action. He should have reduced his speed to a minimum, kept his car under perfect control, and maintained a distance from the Chrysler car within which he could have brought his own car to a sudden stop if the exigencies of the situation required it. He should have known that under the situation of things as they then existed there the chances for accidents were enhanced.

It is shown that, traveling at 35 miles per hour, it required 83 feet in which to stop plaintiff's Pontiac coupe on a gravel road like that at the place of these accidents. Plaintiff must be held to have known this, and yet he admits he traveled at times not more than 75 feet from the Maritzky car.

Plaintiff alleges in his petition that the collision between the Maritzky car and defendant's truck occurred so suddenly and unexpectedly that he could not stop his own car in time to avoid the accident. He supports this allegation by his evidence. He is correct. No doubt he was traveling at a rapid rate of speed, assuming that things ahead of him would transpire without any difficulty or trouble, and, when he was suddenly confronted with an emergency, he did not have the time nor opportunity to avoid the accident. His own negligence was the proximate cause of the collision in which he was injured.

Had he observed the elementary rules of safety under such conditions, the fact that the first collision occurred a short distance ahead of him would not have involved him in the least.

Under the statutory law of the state, the permissible speed of motor vehicles is 45 miles per hour, but the circumstances and conditions existing have a material influence upon what may be a reasonable rate of speed at a given time and place. In the case of Overstreet v. Ober, 14 La. App. 633, 130 So. 648, 650, the Court of Appeal, commenting upon the question of reasonable rate of speed, said:

"Admittedly the car was making 25 or 30 miles an hour. Under ordinary circumstances, that would not be an excessive rate of speed, but the question whether an automobile is running at an excessive rate of speed depends upon the conditions and circumstances surrounding the particular point under consideration."

Our courts have often been called on to decide cases involving the legal principles presented in this case. We refer to some of them.

In Millsaps v. Hornsby, 6 La. App. 651, the court said:

"Even though the defendant was negligent, the plaintiff was contributorily negligent in approaching the meeting place of the two cars at such a speed that he could not stop in time to avoid the collision, defendant's car being slightly over on the left side of the road at the moment of impact."

With respect to dust or other elements obscuring the view of the operator of a motor vehicle in Pepper v. Walsworth, 6 La. App. 610, it is said:

"When a driver finds that he is unable to see the road ahead of him, for any reason whatever, whether blinded by bright lights, smoke, dust, fog or for any other reason, it is his duty to at least bring his car under such control that it can be

stopped in a moment in case of emergency and in extreme cases it is his duty to stop."

In Roberts v. Eason, 6 La. App. 703, the court said:

"It is the duty of one driving an automobile behind another automobile to so regulate the speed of his car and the distance between it and the car ahead of it as not to collide with a truck parked in the public street in front of him in case the car that he is trailing turns sharply to avoid striking the truck."

With regard to one car trailing another, Blashfield's Cyclopedia of Automobile Law, vol. 1, p. 454, says:

"In trailing other cars, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic."

Subsection (a) of section 17 of Act No. 296 of 1928 provides:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway."

And the following cases are pertinent: Henican v. Woodman & Baldwin, 1 La. App. 281; Green v. Moore, 4 La. App. 496; Hardee v. Nevers, 10 La. App. 539, 120 So. 227; Stevens v. Dean, 6 La. App. 537; Youman v. McConnell & McConnel, 7 La. App. 315; Testard v. Board of Commissioners, 7 La. App. 533.

Learned counsel of plaintiff say:

"It is true the defendant's negligence was not the sole cause of said collision and the obstructing of the highway, but it is sufficient that it was one of the proxi-

mate causes thereof," and cite 22 R. C. L. 128, as follows:

"It is well settled that negligence, in order to render a person liable, need not be the sole cause of an injury. While mere concurrence of one's negligence with the proximate and efficient cause of the disaster will not create liability, one is liable if his negligence concurred with that of another, or with an act of God, or with an inanimate cause, and became a part of the direct and proximate cause, although not the sole cause."

They also quote from Blashfield's Cyclopedia of Automobile Law, vol. 2, pp. 1204 and 1205, viz.:

"There may be more than one proximate cause for the same injury, and the mere fact that some other cause co-operates with the negligence of the defendant to produce the injury for which suit is brought does not relieve him from liability."

"Under the principle stated in the foregoing section, if the negligence of defendant is one of the proximate causes of the injury of which plaintiff complains, he cannot escape liability by showing that the negligence of a third person also contributed to the injury, and that the accident would not have happened, but for such negligence of the third person."

Many cases from other states are cited, holding the doctrine enunciated in the above-quoted excerpts, and also the Louisiana case of Welsch v. Standard Oil Co., reported in 3 La. App. 734, on same subject.

These authorities are not applicable to the present case, as in none of them is there an intimation or suggestion of negligence on the part of the plaintiff. If plaintiff in this case had been free of contributory negligence, the cited authorities would be controlling, but, as we have found, and hold, that his own negligence constituted the proximate cause of the accident in which he was involved, they are not pertinent.

We find no error in the judgment appealed from, and it is accordingly affirmed.