## PARK–IN THEATRES, Inc. v. WATERS et al.

### No. 13145.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1950.

Alvin W. Vogtle, Jr., Birmingham, Ala., Leonard L. Kalish, Philadelphia, Pa., for appellant.

William S. Pritchard, Winston B. McCall, Birmingham, Ala., for appellees.

Before McCORD, BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal is from an order of the trial Court sustaining the defendant's motion to dismiss the appellant's suit alleging infringement of Hollingshead Patent No. 1,909,537, and in which order of dismissal the Court determined, as an additional or alternative ground, that the defendant's motion for summary judgment likewise should be granted.[1]

1. "This matter coming on to be heard upon (1) the motion of the defendants to dismiss the action, and (2) the motion of the defendants for a summary judgment, under Rule 56, the motion for summary judgment being supported by affidavit

The complaint, sufficient as a pleading, averred, among other matters, the issuance of the patent, in a paragraph which concluded, "which patent is hereby proffered." It also alleged that the subject matter of the patent constituted "an original inventive contribution of great value and benefit to the public at large," the merit of which the public had recognized by its patronage, in ever increasing extent, of the drive-in theatres embodying such invention. Before answering, the defendants moved to dismiss the complaint upon various grounds, the one now material being urged in various forms, but all to the effect that the subject matter of the plaintiff's alleged invention was not a patentable invention. Thereafter, the defendants moved for a summary judgment in their favor under Rule 56, Rules of Civil Procedure, 28 U.S. C.A.[2] The material portion of the only affidavit referred to is set forth below.[3] In the course of the designation and preparation of the record on appeal, plaintiff-appellant, in a motion for an order directing the Clerk to include a printed copy of the patent in suit in the record to this Court, called attention to the plaintiff's proffer

of William S. Pritchard, which presents a matter dehors the allegations of the amended complaint; both of said motions having been argued and submitted, and now being considered and understood, the Court is of the opinion that the action should be dismissed.

"The motion for summary judgment was filed on December 15, 1949, but the plaintiff waives any right to file counter-affidavits and also waives the ten days' notice required by Rule 56, Federal Rules of Civil Procedure [28 U.S.C.A.], and agrees that both motions may be submitted at this time.

"The plaintiff, although its attention was invited to the rule, has made no motion or application, either before or after the filing of the motion for summary judgment, to dismiss the action without prejudice, under the provisions of Rule 41, Federal Rules of Civil Procedure.

"It appearing that in the case of Loew's Drive-In Theatres v. Park-In Theatres, 1 Cir., 174 F.2d 547, certiorari denied by the Supreme Court of the United States on October 10, 1949, 338 U.S. 822, 70 S.Ct. 68, the identical patent here involved was declared to be invalid and void for lack of invention, it is the opinion of the Court that said decision should be followed in this case, 'Where a question has been decided after careful and exhaustive examination by the Court of Appeals of one Circuit, another court of coordinate jurisdiction should not reach a different conclusion unless persuaded that the first decision is clearly wrong. Especially is this true in patent causes, * * *.' Calculagraph Co. v. Automatic Time Stamp Co., 2 Cir., 187 F. 276, 277.

"As the Court takes judicial knowledge. Armstrong v. Alliance Trust Co., 5 Cir., 126 F.2d 164, of the decision holding the patent here involved to be void, the motion to dismiss the action should be granted. However, if the Court is mistaken in granting the motion to dismiss, the matter dehors the allegations of the amended complaint is set out in the supporting affidavit to the motion for summary judgment, and a summary judgment should be granted. Thus it appears that the action should be dismissed under one if not both of said motions.

"It is, therefore, ordered, adjudged and decreed that this action be and the same is hereby dismissed and the plaintiff is taxed with all costs accrued herein, for which let execution issue."

2. "Defendants aver that the pleadings and affidavit on file show that there is no genuine issue as to any material fact and that Defendants are entitled to judgment, as a matter of law."

3. "I am attorney of record for the defendants in the case of Park-In Theatres, Inc., Plaintiff, v. Newman H. Waters, Sr., et al., defendants, Civil Action No. 6231, pending in this Court. The complaint in said case demands relief for alleged infringement by the Defendants of Letters Patent No. 1,909,537 of the United States, issued to one Richard M. Hollingshead, Jr. for an invention in drive-in theatres, and assigned to the plaintiff.

"On April 8, 1949 the United States Court of Appeal, First Circuit in the case of Loew's Drive-In Theatres v. Park-In Theatres held to the effect that Letters Patent No. 1,909,537 was invalid for lack of invention. The opinion and decision of the Court in this case, reported in 1 Cir., 174 F.2d 547, is incorporated by reference and made part hereof as though the same were set forth herein in detail.

"Thereafter, on, to-wit, October 8, 1949, the Supreme Court of the United States denied writ of certiorari filed by Park-In Theatres, Inc., for review of the said decision of the United States Court of Appeals. Petition for rehearing in the case was denied by the Supreme Court of the United States on December 5, 1949, 338 U.S. 896, 70 S.Ct. 237."

of the patent by his complaint, but set forth that a copy thereof was not attached to the complaint nor otherwise filed by the plaintiff, nor was it filed by the defendant. This motion was overruled by the Court for reasons stated.[4]

■■ In considering the merits of the appeal we would ordinarily of course consider only the correctness of the result reached by the trial Court, and not the validity of the reasons given for its judgment. We would do this also uninfluenced by procedural matters which did not prejudicially affect or induce the result. The present, however, is not such a case, and in the circumstances here we are unable to overlook or approve the manner of the disposition of the appellant's complaint and case. This view, in final analysis, is induced by our conclusion that the trial Court made no independent determination of the validity of the patent in suit. Such a determination was manifestly not made in ruling upon the motion to dismiss the complaint, for it clearly appears that the provisions and claims of the patent in suit were not before the Court and therefore not available upon motion for adjudication of their validity and effect. Furthermore, the statement of the Court in overruling the motion to include a copy of the patent in the transcript that "the same was never shown or presented to the Court" until after final judgment, is entirely correct in fact and in law, for neither the motion to dismiss nor the motion for summary judgment, or the affidavit in support thereof, tendered the patent in suit for the consideration of the Court. It was therefore not before the Court for its consideration in making any independent determination of the validity of the patent,

and this whether the matter be considered adjudged by a ruling upon either or both of the motions. It is true that this patent was under consideration in the case [5] cited in the affidavit in support of the motion for summary judgment. However, in that case the Court had for its consideration, upon appeal, the entire record of evidence presented in the trial Court, as well as the conclusion of the trial Court which upheld the validity of the patent. Furthermore, the affidavit in support of the motion for summary judgment asserts no *facts* of the issue involved, but only that a legal decision had been rendered, and wholly omits any claim that the decision was predicated upon the same or *all* available facts which could or would be presented in the present case. The affidavit clearly omits even an attempt to incorporate the facts of the adjudication relied upon in any showing of facts to be considered by the Court in passing upon the motion for summary judgment as a matter of law.[6] Actually the only attempt in the affidavit to adduce any facts is by reference to the opinion, and we think this will not serve the purpose of averring facts in support of the motion for summary judgment since, in any event, it does not present to the Court for consideration the record in the adjudication relied upon. It is thus clear that the Court of necessity gave to the ruling in the reported case, to all practical effects, the binding force of *res adjudicata*. But that proceeding, involving different defendants, did not have any such controlling force. "Neither reason nor authority supports the contention that an adjudication adverse to any or all the claims of a patent

---

4. "On the hearing before me there was no effort made to offer the patent or a copy thereof in evidence, and the plaintiff never at any time attempted to offer said patent or a copy thereof and the same was never shown or presented to the Court or any suggestion made about offering it in evidence or including it in the record until this motion was filed on February 9, 1950, some time after the final judgment had been entered in this case."

The Court also cited and quoted from the case of William Howard Hay Founda-

tion, Inc., v. Safety Harbor Sanatorium, Inc., 5 Cir., 141 F.2d 952, which declares the function of the District Judge in such a case is restricted to the correction of the record so as to make it truly reflect what occurred.

5. Loew's Drive-In Theatres v. Park-In Theatres, 1 Cir., 174 F.2d 547.

6. The decision referred to having been rendered as deposed by the affiant, there was no occasion for any affidavit of the plaintiff controverting this fact.

precludes another suit upon the same claims against a different defendant. While the earlier decision may by comity be given great weight in a later litigation and thus persuade the court to render a like decree, it is not *res adjudicata* and may not be pleaded as a defense," Triplett v. Lowell, 297 U.S. 638, 642, 56 S.Ct. 645, 647, 80 L.Ed. 949.[7]

■ We conclude that this case should be remanded to the trial Court for further proceedings to afford opportunity for development of the issues involved. In doing so, we in no wise intimate the result to be reached by the trial Court when its independent determination is made. We do not consider the validity of the patent in suit, for as to this we should confine our consideration to review of the legal determination of the Court of original jurisdiction, when and if this becomes necessary. We here only enforce the requirement that the trial Court, in making its adjudication of the validity of the patent, should not give to a former adjudication between different parties, the effect of *res adjudicata*,—that the patent should be before the Court for its consideration and, further,—that if the Court deems consideration of any facts necessary or helpful in settling the question of invention, or validity of claims, the existence or absence of material facts should properly be ascertained by reference other than to the opinion of an appellate court in another proceeding involving defendants different from those then before the trial Court. The importance of the proper application of these requirements in reaching a legal determination of the question involved in this case constrains us to direct that the judgment of the Court be set aside and further proceedings had.

The judgment of the trial Court is reversed, and the case remanded for further proceedings in accordance with this opinion.

Reversed.

7. In Park-In Theatres v. Rogers, 130 F. 2d 745, 748, the structure embraced in Hollingshead Patent No. 1,909,537, by the Court of Appeals for the Ninth Cir-