**William Edward ROUCHER**

v.

**TRADERS & GENERAL INSURANCE COMPANY, Dallas, Texas.**

**No. 16005.**

United States Court of Appeals
Fifth Circuit.

July 20, 1956.

424

Joseph A. Gladney, Baton Rouge, La., for appellant.

Calvin E. Hardin, Jr., Baton Rouge, La., Bert E. Durrett, Wallace A. Hunter, Charles H. Dameron, Baton Rouge, La., of counsel, for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

RIVES, Circuit Judge.

The district court granted summary judgment for the defendant, appellee, in an automobile negligence action, apparently upon the ground that there was no genuine issue as to the non-negligence of the defendant's insured, Joseph H. Hicks. That conclusion the district court reached solely as the result of evidence taken upon a trial involving the same accident, and held by a Louisiana state court not to show negligence on the part of said insured. Hicks v. Tilquit, La.App., 82 So.2d 100. The plaintiff was not a party to such former action and strenuously objected to the admissibility in this case of the evidence therein taken or of the result of such trial.

■■ It is not claimed, as of course it cannot be [See Smith v. Chadick-Hayes Co., 19 La.App. 523, 139 So. 689; Westmoreland v. Mississippi Power & Light Co., 5 Cir., 172 F.2d 643; Park-In Theatres v. Waters, 5 Cir., 185 F.2d 193], that the judgment of the state court is res judicata of this action. The defendant would obtain the same result by having the evidence taken in the state court establish that there is no genuine issue of fact in this case.

■ The question of defendant's liability cannot be lawfully withdrawn from the jury and determined by the court unless the facts are not only undisputed but are also such that all reasonable men, in the exercise of a fair and impartial judgment, must draw the inference and conclusion therefrom of non-negligence. Wright v. Paramount-Richards Theatres, 5 Cir., 198 F.2d 303; 38 Am.Jur., Negligence, § 345. Issues of negligence are ordinarily not susceptible of summary adjudication. 6 Moore's Federal Practice, § 561.17(42), p. 2232.

■■ For affidavits to be admissible on motion for summary judgment, they must be "made on personal knowledge." Rule 56(e), Fed.Rules Civ.Proc. 28 U.S. C.A. Generally speaking, the admissibility of evidence on motion for summary judgment is subject to the provisions of Rule 43(a); that is, evidence inadmissible on a hearing of the case would generally be inadmissible on a motion for summary judgment, except that the court may hear the matter on affidavits, Rule 43(e).

■■ In the present case, there are no affidavits from the witnesses on the other trial. It was thought sufficient simply for one of the attorneys to make an affidavit in which he referred to the testimony on that trial. The testimony of witnesses as given on the trial of a case to which neither the present plaintiff nor anyone representing or in privity with him was a party could under no circumstances be admissible against him. 20 Am.Jur., Evidence, § 690; 5 Wigmore on Evidence, 3rd ed., §§ 1386, 1388. It is fundamental that the party against whom the evidence is offered

must have had an opportunity to cross-examine the witnesses. Williams v. Jahncke Service, La.App., 38 So.2d 400, 406, et seq., reversed 217 La. 1078, 48 So.2d 93, 95; 31 C.J.S., Evidence, § 390.

The alternative contention of the defendant, appellee, that the settlement made with Maryland Casualty Company, expressly reserving plaintiff's claims against this defendant had nevertheless barred the further prosecution of this suit, is likewise not well founded under Louisiana law. LSA–Civil Code of Louisiana, Articles 2100 and 2203; see Fridge v. Caruthers, 156 La. 746, 101 So. 128.

The judgment is, therefore, reversed and the cause remanded for trial on its merits.

Reversed and remanded.